UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLOUD NINE, LLC, HEAVEN'S VIEW, LLC, BLACK BEAR DEBACLE, LLC, and HILLTOP HAVEN, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:07-CV-154 (VARLAN/GUYTON) |
| JEFF WHALEY, JOYCE WHALEY, BLACK BEAR RIDGE RESORT, LLC, GBO ENTERPRISES, LLC, and BLACK BEAR RIDGE OWNERS ASSOCIATION, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND O R D E R

This case is before the Court to address the Plaintiffs' Motion to Amend the Scheduling Order [Doc. 20], which has been referred to the undersigned by order of the District Court [Doc. 22]. A hearing on the motion was held on January 28, 2009. Attorney Robert Green was present representing Plaintiffs Cloud Nine, LLC, Heaven's View, LLC, Black Bear Debacle, LLC, and Hilltop Haven, LLC. Attorney James C. Cone was present representing Jeff Whaley and GBO Enterprises, LLC, and Attorney Robert Crawford was present representing Joyce Whaley, Black Bear Ridge Resort, LLC, and Black Bear Ridge Owners Association, Inc.

Prior to filing this case, the Plaintiffs retained structural engineers, general contractors, and geotechnical engineers who examined the log cabins at issue in the case. The Defendants received these expert opinions as part of initial disclosures. However, the Plaintiffs no longer intend to rely upon these initial expert reports at trial and have not yet obtained reports from new experts or made Rule 26 disclosures regarding their new experts' opinions.

The Scheduling Order [Doc. 10] requires that "[d]isclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before one hundred and fifty (150) days before trial for plaintiffs . . . ." Thus, under the current scheduling order, the Plaintiffs should have made their expert disclosures on or before November 20, 2008. Because the new experts have not completed their examinations of the cabins or made their reports, the Plaintiffs have not made their expert disclosures. The Plaintiffs now move the Court to amend the Scheduling Order to allow the Plaintiffs additional time to make their expert disclosures.

The Defendants oppose a modification of the Scheduling Order and maintain that the Plaintiff has failed to show good cause for modifying the Scheduling Order and has failed to show that the delay of their expert disclosures is substantially justified or harmless, as required by Federal Rule of Civil Procedure 37(c)(1). [Doc. 21].

At the hearing, the Plaintiffs addressed the motion and explained that new experts have examined and made a report on the structural problems in one of the cabins, number 1006, but the three other cabins have not yet been examined. The Plaintiffs stated that the cabins are large structures and removing paneling to view the necessary trusses and structural elements is a labor intensive and messy undertaking. The Plaintiffs confirmed that the experts' examinations of the properties had been delayed, in part, to allow the properties to continue to be rented and generate income. The Plaintiffs explained that February would be a better month to complete the examinations, as it is a slow rental month. The Plaintiffs stated that the remaining three examinations would take less time than the first because the problems found in the other cabins were likely to be similar to those found in cabin number 1006. Nevertheless, the Plaintiffs maintained that it would take over a month to get the reports on the other three cabins completed.

The Defendants responded in opposition to amending the Scheduling Order and stated that in June 2008 the trial in this matter was reset from November 2008 to April 2009 to allow the Plaintiffs time to secure new experts and obtain new reports regarding structural deficiencies in the cabins. The Defendants argued that the period between the June 2008 hearing and the present hearing was ample time to obtain the new experts' reports, but the Defendant alleged the Plaintiffs have put the income generated by rentals ahead of prosecution of this lawsuit. The Defendants maintained that in addition to the increased costs of responding to new experts' reports and prolonged litigation, certain witnesses who were deposed based upon the initial reports may be impossible to locate again.

The Plaintiffs filed the instant motion on November 21, 2009, the day after their expert disclosures were due. Though the motion was filed more than two months prior to the hearing, no progress toward completing the experts' examinations or their reports had been made in that time. On the day of the hearing, just as on the day the motion was filed, only one cabin had been examined and reported on, and the other three cabins had yet to be addressed. The Plaintiffs failed to comply with the Scheduling Order and have not shown good cause for such failure. The Plaintiffs' choice to continue to rent the cabins rather than pursuing their claim in a timely manner was a business decision and does not constitute good cause for delaying this litigation or ignoring the deadlines set by this Court.

Despite the Plaintiffs' delay, the Court is reluctant to foreclose the Plaintiffs from attaining and using expert evidence that is necessary to their case. Therefore, in the interests of being more than fair to the Plaintiffs, the Court finds that the Plaintiffs' Motion to Amend the Scheduling Order [Doc. 20] shall be **GRANTED**. The first sentence of Section 3(e) of the Scheduling Order

shall now read, "Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by the plaintiffs on or before **February 11, 2009**, and by the defendants on or before **March 13, 2009."** While the additional two weeks time for disclosures given by the Court is less than the Plaintiffs requested, the Court finds that the extension strikes the necessary balance between accommodating the Plaintiffs' request and ensuring this matter proceeds to trial in a timely manner and without imposing undue hardship upon the Defendants.

In summary,

1. The Plaintiff's Motion to Amend the Scheduling Order [Doc. 20] is **GRANTED**;

2. The Plaintiffs shall make their expert disclosures on or before **February 11, 2009**;

3. The Defendants shall make their expert disclosures on or before **March 13, 2009**;

4. The remainder of the contents of the Scheduling Order, including the deadlines contained therein and the trial date of **April 20, 2009,** shall remain unchanged and in effect.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge