UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLOUD NINE, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-154 |
| | ) | (VARLAN/GUYTON) |
| JEFF WHALEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on Motions for Summary Judgment by Defendants Jeff Whaley; GBO Enterprises, LLC; Joyce Whaley; Black Bear Ridge Resort, LLC; and Black Bear Ridge Owners Association, Inc. (hereinafter collectively referred to as "Defendants") [Docs. 23, 28.] Plaintiffs Cloud Nine, LLC; Heaven's View, LLC; Black Bear Debacle, LLC, and Hilltop Haven, LLC (hereinafter collectively referred to as "Plaintiffs") filed response briefs in opposition to Defendants' respective summary judgment motions [Docs. 32, 35], to which Defendants Jeff Whaley and GBO Enterprises, LLC filed a reply. [Doc. 33.] The motions are now ripe for the Court's consideration. The Court has carefully considered the pending motions, along with the supporting materials submitted by the parties. [*See* Docs. 23, 24, 25, 26, 27, 28, 32, 33, 34, 35, 37.] For the reasons set forth herein, Defendants' Motions for Summary Judgment [Docs. 23, 28] will be granted in part and denied in part.

## I. RELEVANT BACKGROUND

This action involves four cabins that were built on a parcel of land known as Black Bear Ridge Properties ("Black Bear Ridge"), located in Sevier County, Tennessee. [Docs. 1 at 2-3; 7 at 2.] On or about March 18, 2003, Defendant Jeff Whaley ("Mr. Whaley") and Defendant Joyce Whaley ("Ms. Whaley") filed a Declaration of Covenants, Conditions and Restrictions, and certain plats in the Sevier County Register of Deeds office, designating Black Bear Ridge, located in Pigeon Forge, Sevier County, Tennessee, as a planned unit development. [Docs. 1 at 2-3; 7 at 2.] Lots 91R, 95, 195, and 197 of Black Bear Ridge were subsequently purchased by Commonwealth Real Estate Development, Inc. ("Commonwealth"), a South Carolina corporation whose officers and equal shareholders were Lucien H. Evans ("Mr. Evans") and Peter Garrett Wyckoff ("Mr. Wyckoff"). [Docs. 1 at 3; 25 at 2; 27-2 at 14; 32-3 at 1.] Commonwealth allegedly purchased the Black Bear Ridge lots in order to build rental log cabins. [Doc. 32-3 at 1.]

According to Mr. Whaley, he operates a limited liability company, Defendant GBO Enterprises, LLC, ("GBO") and has allegedly built dozens of residential homes and cabins in Sevier County, Tennessee. [Doc. 25 at 1.] According to Mr. Whaley, he and GBO served as the general contractor for the construction of the foundations of the cabins on lots 91R, 95, 195, and 197. [Doc. 25 at 2.] According to Mr. Whaley, Mr. Evans and Commonwealth took over construction of the cabins and acted as their own general contractor after completion of the foundations. [Doc. 25 at 2.] However, according to Mr. Wyckoff, Commonwealth contracted with Mr. Whaley to construct the cabins and relied on his

2

expertise as a licensed general contractor in Tennessee to construct the cabins. [Doc. 32-3 at 2.] The cabins located on lots 91R, 95, 195, and 195 were substantially complete around April of 2005, January of 2005, November of 2004, and December of 2004, respectively. [Doc. 1 at 4.]

Then, due to a personal loan of $600,000 to Commonwealth by Mr. Wyckoff, Commonwealth deeded the four completed cabins to Mr. Wyckoff. [Doc. 32-3 at 2.] Mr. Wyckoff then formed four South Carolina limited liability companies, Cloud Nine, LLC; Heaven's View, LLC; Black Bear Debacle, LLC; and Hilltop Haven, LLC, and deeded one cabin to each of the entities on or about August 11, 2005. [Docs. 1 at 5; 32-3 at 2.] Plaintiffs allege that after acquiring the respective properties, they discovered certain defects in the cabins, including improper foundations, inadequate floor support systems, deflecting walls and floors, and various building code violations. [Doc. 1 at 5.]

According to Plaintiffs, the land and property located in Black Bear Ridge, exclusive of lots owned by individual home owners, ("Common Area") is owned by Ms. Whaley and supposed to be maintained by the Black Bear Ridge Owners Association, Inc. ("Owners Association"). [Doc. 1 at 3.] Plaintiffs allege that Ms. Whaley and the Owners Association failed to properly maintain the "Common Area" and failed to provide drainage and vegetation to prevent erosion around Plaintiffs' cabins. [Doc. 1 at 11-12.]

Plaintiffs then filed suit and asserted various claims of negligence, misrepresentation, beach of contract, breach of the implied warranty of good workmanship, breach of the implied warranty of habitability and fitness, and violations of the Tennessee Consumer

3

Protection Act against the Defendants. Plaintiffs also made allegations regarding the personal liability of Mr. Whaley and Ms. Whaley. [*See* Doc. 1.] Defendants then filed their respective summary judgment motions in which they contend they are entitled to judgment as a matter of law based upon the undisputed facts and law applicable to this case. [Docs. 23, 28.]

II.  ANALYSIS

  A.  **Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

4

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

**B.     Breach of Contract**

Defendants contend that the Court should grant summary judgment in their favor as to the breach of contract claim because Plaintiffs were not parties to any contract with Defendants. In particular, Defendants argue that privity is lacking since Plaintiffs were not in existence or even contemplated when the construction contract was entered into with Defendants. Traditionally, "privity rules provided that those who were not parties to a contract had no right to sue for its breach." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001). In this case, Mr. Wyckoff admitted that there is no contract between Plaintiffs and any of the Defendants. [Doc. 27-2 at 9.] Nevertheless, Plaintiffs argue that sufficient privity exists because Mr. Wyckoff was the real party in interest in all of the transactions at issue since he was a 50% shareholder in Commonwealth and the sole member in each of the Plaintiff LLCs. Defendants counter that Plaintiffs' argument cannot prevail because Commonwealth, Mr. Wyckoff, and each of the Plaintiffs are completely separate legal entities.

5

In Tennessee, there is a "presumption that a corporation is a distinct legal entity, wholly separate and apart from its shareholders, officers, directors, or affiliate corporations." *Boles v. Nat'l Dev. Co., Inc.*, 175 S.W.3d 226, 244 (Tenn. Ct. App. 2005) (citations omitted). Thus, Tennessee courts disregarding a corporation's identity only do so "with great caution and not precipitately." *Collier v. Greenbrier Developers, LLC*, No. E2008-01601-COA-R3-CV, 2009 WL 1026025, at *4 (Tenn. Ct. App. Apr. 16, 2009) (quoting *Schlater v. Haynie*, 833 S.W.2d 919, 925 (Tenn. Ct. App. 1991)). Because Commonwealth and Plaintiffs are registered in South Carolina, the Court notes that South Carolina courts similarly recognize that "a corporation is an entity, separate and distinct from its officers and stockholders" and that "courts are reluctant to 'disregard the integrity of the corporate entity.'" *Hunting v. Elders*, 597 S.E.2d 803, 806 (S.C. Ct. App. 2004) (citations omitted).

This case involved a series of transactions regarding the cabins at issue: (1) the agreement between Commonwealth and Defendants for the property and cabins; (2) the transfer of the cabins' ownership from Commonwealth to Mr. Wyckoff; and (3) the transfer of the cabins' ownership from Mr. Wyckoff to Plaintiffs. Though Plaintiffs argue that privity exists because Mr. Wyckoff was a shareholder in Commonwealth and sole member of Plaintiffs, the mere fact that Mr. Wyckoff was a part shareholder in Commonwealth and sole member of the Plaintiffs alone is insufficient to establish privity. *See Collier*, 2009 WL 1026025, at *4 ("[W]e cannot conclude, as a matter of law, that a sole member of an LLC is, *ipso facto*, in privity with the LLC. To so hold would erode the protections afforded by the LLC construct."). In seeking to disregard separate corporate identities, Plaintiffs

essentially ask the Court to pierce the corporate veil. Notably, "the party wishing to negate the existence of such separate entity has the burden of proving facts sufficient to justify piercing the corporate veil." *Schlater*, 833 S.W.2d at 925. Tennessee courts generally view a corporation as a separate entity absent "appropriate, special, unusual, or compelling circumstances." *Id.*

After carefully reviewing the record, the Court finds that Plaintiffs have failed to meet this burden. It is undisputed that the contract at issue was between Commonwealth and Defendants, not with Mr. Wyckoff. [Doc. 27-2 at 14.] It is also undisputed that this contract resulted in Commonwealth's sole ownership of the cabins at the time they were built and substantially complete. [Doc. 27-2 at 14.] The contention that Mr. Wyckoff was the real party in interest for the contract between Plaintiffs and Commonwealth is undermined by the fact that Mr. Wyckoff was not Commonwealth's sole owner and, instead, was an equal shareholder with Mr. Evans. [Doc. 27-2 at 18.] The fact that Mr. Wyckoff lent $600,000 to Commonwealth and was later repaid with the cabins then-owned by Commonwealth further shows that Commonwealth was a separate entity from Mr. Wyckoff. [Doc. 27-2 at 19.] Additionally, Mr. Wyckoff testified that he considered Plaintiffs as "separate entities" from Commonwealth and not successors in interest to Commonwealth. [Doc. 27-2 at 18.] In light of such evidence, Plaintiffs have failed to meet their burden of showing circumstances necessary to disregard the separate corporate entity of Commonwealth from Mr. Wyckoff.

To the extent Plaintiffs may rely on the third-party beneficiary exception to the traditional rules of privity, this argument is also unavailing. The exception applies "when

7

the contracting parties express an intent that the benefits of the contract flow to a third party."
*Owner-Operator Indep. Drivers Ass'n, Inc.*, 59 S.W.3d at 68. "The evidence of intent to confer a benefit must be clear and direct: It must appear, in order that a third person may derive a benefit from a contract between two other parties, that the contract was made and entered into directly or primarily for the benefit of such third person." *Id.* at 69 (quoting *Abraham v. Knoxville Television, Inc.*, 757 S.W.2d 8, 11 (Tenn. Ct. App. 1988)). In this case, there is insufficient evidence that the contract between Commonwealth and Defendants was for the direct or primary benefit of Mr. Wyckoff individually or the Plaintiffs. Plaintiffs have not identified to the Court evidence of this. Furthermore, the record before the Court shows that Mr. Wyckoff acquired the cabins only after Commonwealth was otherwise unable to repay the $600,000 loan after the cabins were substantially completed. [Doc. 27-2 at 19.] Even when construed in a light most favorable to Plaintiffs, the evidence simply fails to meet the requirements of the third-party beneficiary exception to prevent summary judgment as to the breach of contract claim.

In light of all the foregoing, the Court agrees with Defendants that privity is lacking between Plaintiffs and Defendants for the breach of contract claim. Furthermore, the third-party exception is inapplicable to this case. As a result, the Court will grant Defendants' motions for summary judgment as to the breach of contract claim.

### C. Breach of Implied Warranties

In their complaint, Plaintiffs allege that Defendants are liable for breaching the implied warranty of good workmanship and the implied warranty of habitability and fitness

8

as the result of improper construction, design, and preparation of the building site in respect to the cabins. [*See* Doc. 1 at 9.] In their motions for summary judgment, Defendants contend that these claims are not applicable to Plaintiffs because implied warranties are limited to the original purchaser. As with their breach of contract claim, Plaintiffs contend that summary judgment should not be granted because Mr. Wyckoff is the real party in interest. Defendants reply that it is undisputed that Commonwealth was the original owner of the cabins, so the implied warranties no longer existed once the property was transferred to Mr. Wyckoff.

In *Dixon v. Mountain City Constr. Co.*, the Tennessee Supreme Court adopted the "implied warranty rule" and held that it applied to cases "where, at the time the contract is entered into, a dwelling is to be constructed by the builder-vendor." 632 S.W.2d 538, 542 (Tenn. 1982). Under these implied warranties, a dwelling is warranted to be "sufficiently free from major structural defects" and "constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction." *Id.* (quoting *Hartley v. Ballou*, 209 S.E.2d 776, 783 (N.C. 1974)). When analyzing implied warranty claims, Tennessee courts have "limited the application of the warranty to the original vendee." *Meyer v. Bryson*, 891 S.W.2d 223, 226 (Tenn. Ct. App. 1994); *see also Patterson v. Jim Walters Homes*, 1985 WL 4821, at *2 (Tenn. Ct. App. Dec. 31, 1985) (holding that an implied warranty "protects only the original contracting parties").

In light of this Tennessee law, the Court agrees with Defendants that Plaintiffs cannot prevail on their breach of implied warranty claims because they were not the original

9

purchasers of the cabins. As previously discussed, Commonwealth, not Mr. Wyckoff, was the original purchaser of the cabins. [Doc. 27-2 at 14.] As with the breach of contract claim, the Court remains unpersuaded by Plaintiffs' argument that Mr. Wyckoff was the real party in interest in the contract between Commonwealth and Defendants and incorporates the previous corporate veil analysis for purposes of the breach of implied warranty claims at issue. When Mr. Wyckoff acquired the properties from Commonwealth to satisfy the $600,000 loan, he essentially became a subsequent purchaser of the cabins. Thus, Plaintiffs, who subsequently acquired the properties from Mr. Wyckoff, cannot rely on the implied warranties under Tennessee law as such warranties only protect the original contracting party, Commonwealth.

For these reasons, the Court will grant Defendants' motions for summary judgment as to the breach of implied warranty claims.

**D.     Negligence**

Plaintiffs also assert various negligence claims against the Defendants. They allege negligent planning and construction against Mr. Whaley and Ms. Whaley as the general developers of Black Bear Ridge. They also allege negligence in excavation and construction against GBO. Plaintiffs also assert a negligent maintenance claim against Ms. Whaley and the Owners Association. In their motions for summary judgment, Defendants argue that summary judgment should be granted because Plaintiffs have failed to provide expert witness disclosures and reports of the opinions they intend to use at trial in accordance with the Court's Scheduling Order. [Doc. 10.]

10

The Court notes that in their reply brief, Defendants acknowledged that this argument is dependent on the ruling as to Plaintiffs' motion to extend the time to provide expert witness disclosures. [Doc. 20.] After the parties made their respective summary judgment filings, Plaintiffs were granted an extension to make expert disclosures. [Doc. 38.] Defendants have also since been granted an extension as to their expert witness disclosures. [Doc. 45.] Because Defendants have conceded that their negligence arguments would be negated if Plaintiffs' extension requests were granted, the Court will deny Defendants' motions for summary judgment as to the negligence claims in this case.

### E. Tennessee Consumer Protection Act

The Tennessee Consumer Protection Act ("TCPA") provides that "[a]ny person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages." Tenn. Code Ann. § 47-18-109(a)(1). Though the TCPA does not define the terms "unfair" or "deceptive," the Tennessee Supreme Court has recognized that a deceptive act or practice is a material representation, practice or omission likely to mislead a reasonable consumer. *Ganzevoort v. Russell*, 949 S.W.2d 293, 299 (Tenn. 1997) (citing *Bisson v. Ward*, 628 A.2d 1256, 1261 (Vt. 1993)). This includes "the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." *Ganzevoort*, 949 S.W.2d at 299 (quoting *Connor v. Merrill Lynch Realty, Inc.*, 581

11

N.E.2d 196, 202 (Ill. App. Ct. 1991)). In real estate transactions, the Tennessee Supreme Court has recognized that "professional sellers of real property . . . are obligated by the Act to exercise good faith in disclosing to prospective purchasers material facts affecting the value of the property known to them and not known to or reasonably ascertainable by a prospective purchaser." *Ganzevoort*, 949 S.W.2d at 299.

In this case, Plaintiffs contend that Mr. Whaley, Ms. Whaley, GBO, and Defendant Black Bear Ridge Resort, LLC failed to disclose particular structural and construction requirements for structures in Black Bear Ridge in violation of the TCPA. [Doc. 1 at 7.] In their motions for summary judgment, Defendants contend that the TCPA is inapplicable to this case because it is not possible to commit an unfair and deceptive trade practice upon someone or something that does not exist or with whom Defendants had no interaction. Defendants further contend that Plaintiffs have presented no evidence that Defendants had any role in the sale of the property at issue to Plaintiffs. Plaintiffs respond that privity in contract is not necessary to maintain a TCPA claim and that the cases relied on by Defendants are not applicable to this case. Defendants reply that, regardless of privity, Plaintiffs' TCPA claim must fail because they have failed to present sufficient evidence that they had any interaction with Defendants.

Plaintiffs are correct that Tennessee courts have recognized that privity of contract is not required under the TCPA. *Murphy v. Savage*, No. E2005-01441-COA-R3-CV, 2006 WL 1864403, at *4 (Tenn. Ct. App. July 6, 2006) ("Review of the TCPA reveals no requirement that there be privity of contract between a consumer and an entity the consumer has charged

12

with unfair or deceptive practices under the Act."). However, the Court notes that Defendants have stated that their argument is not that summary judgment should be granted due to a lack of contractual privity between Plaintiffs and Defendants. Rather, they contend that "it is not possible to commit an unfair and deceptive trade practice upon someone or something that does not exist yet or that defendants had no interaction with." [Doc. 24 at 13.]

Aside from negligence claims, Tennessee courts have "never held that remote purchasers may pursue claims against contractors based on any other theories of liability." *Jenkins v. Brown*, No. M2005-02022-COA-R3-CV, 2007 WL 4372166, at *12 (Tenn. Ct. App. Dec. 14, 2007) (citing *Briggs v. Riversound Ltd. P'ship*, 942 S.W.2d 529, 532 (Tenn. Ct. App. 1996)). However, Tennessee courts have likewise not rejected such misrepresentation claims against a contractor simply because a plaintiff was a remote purchaser. Rather, these courts have examined whether there was sufficient evidence on record to satisfy the prima facie case. *See Jenkins*, 2007 WL 4372166, at *13. Because courts are "required to construe [the TCPA] liberally to protect consumers in Tennessee and elsewhere," the Court believes that this approach comports with the broad, remedial purpose of the TCPA. *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005).

In order to recover under the TCPA, a plaintiff must prove (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an "ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated." *Tucker*, 180 S.W.3d at 115 (quoting Tenn. Code Ann. § 47-18-109(a)(1). "[W]hether a specific

13

representation in a particular case is 'unfair' or 'deceptive' is a question of fact." *Tucker*, 180 S.W.3d at 116. For purposes of the TCPA, "the essence of deception is misleading consumers by a merchant's statements, silence, or actions." *Id.* at 116.

While Defendants contend that Plaintiffs cannot establish the prima facie element that Defendants engaged in an unfair or deceptive act or practice toward Plaintiffs, the prima facie elements for a TCPA claim do not require that the deceptive act or practice be directed toward the plaintiff. Instead, Tennessee courts have recognized that "plaintiffs asserting claims under the TCPA are required to show that the defendant's wrongful conduct proximately caused their injury." *Steamfitters Local Union No. 614 Health and Welfare Fund v. Philip Morris, Inc.*, No. W1999-01061-COA-R9-CV, 2000 WL 1390171, at *7 (Tenn. Ct. App. Sept. 26, 2000) (citations omitted). "[P]roximate cause is ordinarily a question for the jury to decide unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *Id.* at *2.

In this case, the Court finds that the proximate cause issue should be left for determination by the finder of fact. While there is evidence that none of the Defendants made any representations or warranties to Mr. Wyckoff about the cabins [*see* Doc. 27-2 at 22], the Court notes that Plaintiffs' claims "are largely based on what [Defendants] did not say, as opposed to what [Defendants] may have said." *Pettitt v. Williamson*, No. M2007-01530-COA-R3-CV, 2008 WL 2925163, at *5 (Tenn. Ct. App. July 28, 2008). Thus,

evidence that Defendants did not make certain representations or warranties does not necessarily negate Plaintiffs' claims of concealment and failure to disclose by Defendants.

Mr. Wyckoff's status as an equal shareholder in Commonwealth raises further issues regarding the proximate cause element. There is evidence that Mr. Wyckoff, the sole member of Plaintiffs, had at least some interaction with Defendants regarding the Black Bear Ridge development and indicated that the development "was going to be nice." [Doc. 27-2 at 22.] It is also undisputed fact that Mr. Wyckoff was an equal shareholder with Mr. Evans, who negotiated on behalf of Commonwealth with Defendants. [Doc. 33-1 at 7.] Unlike in *Jenkins* where the Tennessee Court of Appeals found "no evidence in the record that the [plaintiffs] were privy to any of the misrepresentations that [the defendant] may have made to the [original purchasers] regarding the stability of the house," 2007 WL 4372166, at *13, one could infer that Plaintiffs, through Mr. Wyckoff's relationship to Commonwealth and Mr. Evans, were privy to the alleged unfair and deceptive acts by Defendants. This evidence, when construed in a light most favorable to Plaintiffs, creates a genuine issue of material fact as to proximate cause for the TCPA claim. Thus, summary judgment on this claim is not proper at this time.

### F. Misrepresentation

In their complaint, Plaintiffs allege that Defendants failed to disclose and concealed special foundation, reinforcement, and structural support requirements. [*See* Doc. 1 at 6, 10.] Thus, Plaintiffs have asserted misrepresentation claims independent of their TCPA claims. [*See* Doc. 7, 9, 10.] As with the TCPA claims, Defendants contend that they could not have

15

made any representations or disclosures of special foundation or structural requirements for the cabins to Plaintiffs because they did not exist at the time the cabins were constructed. In essence, Defendants contend that Plaintiffs' misrepresentation claims must fail because they were remote purchasers of the cabins.

In Tennessee, fraud can be an intentional misrepresentation of a known, material fact or it can be the concealment or nondisclosure of a known fact when there is a duty to disclose. *Hill v. John Banks Buick, Inc.*, 875 S.W.2d 667, 670 (Tenn. Ct. App. 1993). Nondisclosure of a material fact may also give rise to a claim for fraudulent or negligent misrepresentation when the defendant has a duty to disclose and the matters not disclosed are material. *Sears v. Gregory*, 146 S.W.3d 610, 620 (Tenn. Ct. App. 2004). In support of their position, Defendants rely on the Tennessee Supreme Court's decision in *Whaley v. Perkins*, 197 S.W.3d 665 (Tenn. 2006). In that case, the Court found no material evidence supporting a finding that a defendant made any misrepresentations to plaintiffs when it was undisputed that the defendant made no representations of any kind to the plaintiffs because she had no contact with the plaintiffs at the time the property was sold to the plaintiffs. *Id.* at 671-72. Because Plaintiffs did not exist at the time Commonwealth acquired the property at issue and when the cabins were completed, Defendants contend that they cannot be liable for making misrepresentations.

For reasons discussed in connection with Plaintiffs' TCPA claims, the Court finds Defendants' argument unavailing. In *Whaley*, the Tennessee Supreme Court emphasized that the defendant had no contact with the plaintiffs at the time the property was sold to the

16

plaintiffs. *Id.* at 671. However, in this case, there is evidence that Mr. Wyckoff, the sole member of Plaintiffs, had interactions with Defendants prior to the sale of the cabins to him and prior to the transfer to Plaintiffs. [Doc. 27-2 at 22.] These distinguishing facts suggest that the holding in *Whaley* does not necessarily control the outcome of this case on summary judgment. In *Jenkins*, the Tennessee Court of Appeals addressed a case involving remote buyers who sued a contractor for misrepresentations. 2007 WL 4372166, at *13. Rather than dismissing the claim simply because the claim involved remote buyers, the Tennessee Court of Appeals found that the plaintiffs' claim failed only when there was "no evidence in the record that the [plaintiffs] were privy to any of the misrepresentations that [the contractor] may have made to the [original buyers] regarding the structural stability of the house." *Id.* In this case, as discussed in relation to Plaintiffs' TCPA claims, there is evidence that Plaintiffs, through Mr. Wyckoff's relationship to Commonwealth and Mr. Evans, were privy to the alleged misrepresentations by Defendants. In light of all of this, the Court is unpersuaded by Defendants' argument that the misrepresentation claims necessarily must fail based on the record and declines to grant summary judgment on these claims.

### G. Other Liability Claims

The Court notes that Plaintiffs' claims involving personal liability and vicarious liability were not addressed in Defendants' summary judgment filings. Because Defendants have not argued for summary judgment as to these counts and because Plaintiffs have not been given an opportunity to respond, the Court declines to grant summary judgment on these unaddressed counts.

### III. CONCLUSION

For the reasons set forth herein, Defendants Jeff Whaley; GBO Enterprises, LLC; Joyce Whaley; Black Bear Ridge Resort, LLC; and Black Bear Ridge Owners Association, Inc. [Docs. 23, 24] are hereby **GRANTED in part** to the extent that Plaintiffs Cloud Nine, LLC; Heaven's View, LLC; Black Bear Debacle, LLC, and Hilltop Haven, LLC's breach of contract and implied warranty claims (Counts V, VI) are hereby **DISMISSED with prejudice**. The motions are hereby **DENIED in part** to the extent that the case will proceed to trial on Plaintiffs' remaining negligence, misrepresentation, Tennessee Consumer Protection Act, and personal and vicarious liability claims (Counts I, II, III, IV, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV) against Defendants.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE